```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LOCK REALTY CORPORATION IV,

                Plaintiff,

vs.                          Case No.  2:05-cv-188-FtM-29DNF

REGAL GENERAL CONTRACTORS, INC.,

                Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on Plaintiff's Motion for Summary Judgment as to Counterclaim and Incorporated Memorandum of Law (Doc. #33), filed on December 22, 2005.  Defendant Regal General Contractors (defendant or Regal) filed its Response on January 31, 2006.  (Doc. #41).

     On August 13, 2004, The Courtyard Assisted Living Residence (The Courtyard) in Charlotte County, Florida, sustained damage to its structure as a result of Hurricane Charley.  Plaintiff Lock Realty Corporation IV (plaintiff or Lock Realty) is the owner and operator of The Courtyard, and made a claim for the damages to its insurance carrier.  The insurance carrier, on behalf of plaintiff, hired defendant, a Texas contractor, to repair the damage to The Courtyard.  Defendant then entered into an agency agreement with a Florida licensed general contractor for the repair job on The

Courtyard.  However, before the repairs were completed, defendant ceased work on plaintiff's property.

Plaintiff filed a six-count Complaint alleging various claims based on state law.  In response, defendant filed an Answer, Affirmative Defenses and Counterclaim.  In the one-count Counterclaim, defendant alleges a claim for unjust enrichment. Plaintiff moves for summary judgment and contends that defendant is precluded from bringing its claim under Florida law. Specifically, plaintiff argues that section 489.128 of the Florida Statutes provides that "contracts entered into on or after October 1, 1990, by an unlicensed contractor shall be unenforceable in law or in equity by the unlicensed contractor." FLA. STAT. § 489.128(1).

The Court finds that plaintiff's summary judgment motion is due to be denied as premature.  As Rule 56 of the Federal Rules of Civil Procedure implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery."  Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988); see also McCallum v. City of Athens, 976 F.2d 649, 650 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery).  Thus, out of fairness to the non-movant, "summary judgment may only be decided upon an adequate record."  WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988).  After a party moves for summary judgment, the non-movant "bears the burden of calling to the district court's attention any outstanding discovery."  Cowan v. J.C. Penney Co.,

790 F.2d 1529, 1530 (11th Cir. 1986). A district court may grant summary judgment in the early stages of discovery only if "further discovery would be pointless" and the movant is "clearly entitled to summary judgment." Robak v. Abbott Labs., 797 F. Supp. 475, 476 (D. Md. 1992) (granting summary judgment in the "early stages" of discovery because "no material fact [could] be genuinely disputed under the allegations of the Complaint").

The Court finds that Plaintiff's summary judgment motion does not satisfy this standard. The amended Scheduling Order sets forth the discovery deadline as May 12, 2006 and the dispositive motion deadline as May 24, 2006. (Doc. #46). Moreover, in its response, defendant brings to the Court's attention that discovery "remains ongoing." (Doc. #41, p. 8). At the time of filing its Response, defendant represented that the parties were in the midst of arranging several depositions of witnesses. (Id. at 8 n.4).

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Summary Judgment as to Counterclaim (Doc. #33) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of March, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge